**Charlotte LAFFOON, Plaintiff-Appellant,**

v.

**Joseph A. CALIFANO, Jr., Secretary of Health, Education and Welfare, Defendant-Appellee.**

No. 77–1389
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Aug. 26, 1977.

* Rule 18, 5 Cir.; see *Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al.,* 5 Cir., 1970, 431 F.2d 409, Part I.

George A. Flournoy, Daniel E. Broussard, Jr., Alexandria, La., for plaintiff-appellant.

Edward L. Shaheen, U. S. Atty., Leven H. Harris, Asst. U. S. Atty., Shreveport, La., for defendant-appellee.

Before BROWN, Chief Judge, RONEY and HILL, Circuit Judges.

BROWN, Chief Judge:

This action was brought by Charlotte Laffoon pursuant to § 205(g) of the Social Security Act, 42 U.S.C.A. § 405(g), to review a determination of non-disability by the Administrative Law Judge.[1] His finding was approved by the Appeals Council and became the final decision of the Secretary of Health, Education and Welfare. The District Court granted the Secretary's motion for summary judgment, holding that the decision was supported by substantial evidence. We affirm.

The applicable standard of review is that "[t]he findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive . . . ." § 205(g) of the Social Security Act, 42 U.S.C.A. § 405(g).[2] See *Richardson v. Perales,* 1971, 402 U.S. 389, 91 S.Ct. 1420, 28 L.Ed.2d 842; *Payne v. Weinberger,* 5 Cir., 1973, 480 F.2d 1006. The role of the reviewing court is quite limited. *Gaultney v. Weinberger,* 5 Cir., 1974, 505 F.2d 943. It may neither reweigh the evidence nor substitute its judgment for that of the Secretary. *Williams v. Finch,* 5 Cir., 1971, 440 F.2d 613. Conflicts in the evidence, including those arising in medical opinions, are to be resolved not by the courts, but by the Secre-

1. Appellant's claim for supplemental security income disability benefits arises under § 1614(a) of the Social Security Act, 42 U.S.C.A. § 1382c(a). Under § 1631(c) of Title XVI of the Act, 42 U.S.C.A. § 1383(c)(3), the final determination of the Secretary is subject to judicial review as provided in § 205(g) of Title II, 42 U.S.C.A. § 405(g). Thus, the standard of review in Title XVI cases is identical to that applied in Title II cases.

2. See note 1, *supra.*

tary. See *Payne v. Weinberger, supra,* at 1007, and cases cited therein.

Mrs. Laffoon, now 57 years old, claims the inability to engage in any substantial gainful employment due to several maladies: chronic obstructive lung disease, chronic bronchitis, emphysema, high blood pressure, a heart ailment, chest pains, arthritis, and a nervous condition. The Administrative Law Judge, though recognizing that Mrs. Laffoon's work record was practically nil, concluded that there was no medical impairment sufficiently severe to preclude her from engaging in some type of substantial gainful activity, including her previous employment as an aide in a nursing home.

■ The appellant's first attack on this finding is that the Administrative Law Judge gave little weight to her testimony (corroborated by a close friend who appeared at the hearing) concerning subjective complaints of pain. Appellant correctly states that this Court's decision in *De-Paepe v. Richardson,* 5 Cir., 1972, 464 F.2d 92, 94, requires consideration of subjective evidence of pain and disability. However, as was pointed out in *Gaultney v. Weinberger, supra,* at 945–46, this Court has never held that subjective evidence must take precedence over conflicting objective medical evidence, nor that all pain is disabling. Indeed, the *Gaultney* Court noted that it was for the Administrative Law Judge to

determine the disabling nature of the pain. *Id.* at 946. While the Administrative Law Judge in the present case failed to discuss in his opinion the subjective evidence concerning Mrs. Laffoon's pain, consideration of that evidence is apparent in his post-hearing request for medical examinations directed at investigating its precise source.[3] Those examinations were conducted and the results were considered by the Administrative Law Judge, along with the other evidence. Thus, any contention that the *De-Paepe* requirement was not satisfied is without merit.

Appellant also vigorously asserts that the diagnoses and opinions of the physicians who examined claimant at the behest of the Administrative Law Judge were preferred to those of doctors who have treated the claimant over the years. This preference, Mrs. Laffoon laments, arises solely because Social Security doctors know what form their reports should follow.

In answering this line of attack, we point out that the only objective medical evidence submitted by the claimant to establish her disability consisted of two letters. The first, dated June 12, 1974, was written by Dr. Winters who apparently had treated the patient for some time.[4] The second letter, dated June 10, 1974, was written by Dr. Causey who, significantly, stated that he

3. The letter dated November 1, 1974, from F. P. Fitzsimmons, Administrative Law Judge, to Paul A. Breitling, Hearings Examiner for Disability Determinations in Shreveport, Louisiana, reads in pertinent part as follows:

Please ask Dr. Craig to include pulmonary function studies, an electrocardiogram, and a check for the cause of her chest wall pain. Ask Dr. Banks to include x-rays in his examination of claimant regarding her alleged back condition. Ask Dr. Pryer for complete psychological evaluation of the claimant.
Exhibit 8, Tr. 49.

4. The entire text of this letter is set out below:

In answer to your letter of June 5 regarding the patient Mrs. Charlotte Laffoon: Mrs. Laffoon has been treated in the past twelve months for high blood pressure ranging at intervals from 170/100 to normal. She has experienced frequent chest pains associated

with the present illness. However, her cardiograms to date have been normal.
Mrs. Laffoon also has difficulty with her menopausal syndrome, causing her to have marked anxiety and tension.
I feel that she is emotionally unstable and considering her generalized arthritic condition, I feel that she is not capable of gainful employment. I also feel that this is a permanent condition.

\* \* \* \* \* \*

P.S. Her low back pain and muscle spasms have been a considerable problem currently. She also has marked shortness of breath and has to sit up to breath [sic]. This is associated with her marked anxiety and tension state. She is currently being treated with hormones, tranquilizers and arthritis and high blood pressure medicines.
Exhibit 5, Tr. 46.

had not examined Mrs. Laffoon since October 8, 1970.[5]

■ By comparison, the detailed findings and test data of the psychologist, the orthopedic surgeon and the internist who examined appellant at the behest of the Administrative Law Judge fill eleven pages in the record.[6] Medical reports, such as that of Dr. Causey, unsupported by any medically acceptable clinical or laboratory diagnostic data or findings, may be properly discounted by the trier of fact. See *Kirkland v. Weinberger*, 5 Cir., 1973, 480 F.2d 46, 49, *cert. denied*, 1973, 414 U.S. 913, 94 S.Ct. 255, 38 L.Ed.2d 155, and cases cited therein. Moreover, Dr. Winter's letter presents at best conflicting evidence for resolution by the Secretary.[7] See *Martin v. Finch*, 5 Cir., 1969, 415 F.2d 793, 794.

■ Appellant also complains that the Administrative Law Judge failed to produce a vocational counselor to testify at the hearing as to the availability of work which Mrs. Laffoon could perform. Such failure is said to disregard the standards set forth in *Garrett v. Richardson*, 8 Cir., 1972, 471 F.2d 598. However, *Garrett* places on the trier of fact the burden of producing a vocational expert only after the claimant

has met the initial burden of establishing a medical impairment so severe that she cannot perform the kind of work in which she had previously been engaged. *Id.* at 603; *Lewis v. Weinberger*, 5 Cir., 1975, 515 F.2d 584, 587; *Herridge v. Richardson, supra*, 464 F.2d at 200; *Stark v. Weinberger*, 7 Cir., 1974, 497 F.2d 1092, 1097–98 & n.12. Since Mrs. Laffoon was unsuccessful in carrying that initial burden, it was not incumbent on the Administrative Law Judge to produce a vocational expert.

■ Lastly, appellant charges the Administrative Law Judge with examining each condition individually and, finding none to be disabling per se, ignoring the cumulative effect of all the infirmities alleged. We find no basis for this charge. While we may not have reached the same conclusion as that of the Administrative Law Judge, our sole function as the reviewing court is to determine whether there was substantial evidence to support the ruling. *Ratliff v. Richardson*, 5 Cir., 1971, 445 F.2d 440, 442. Substantial evidence means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion . . . ." *E. g., Rivas v. Weinberger*, 5 Cir., 1973, 475 F.2d 255, 257. Since this standard was met, the judgment of the District Court was correct.

AFFIRMED.

---

5. The remainder of the text dealing with Mrs. Laffoon's health follows:
   > [H]owever, I treated her from 1958 until 1970 for chronic obstructive lung disease. She was treated regularly for elevated temperature, coughing and wheezing badly. I feel that she is totally disabled.

   Exhibit 6, Tr. 47.

6. If appellant's medical evidence suffers by this comparison, it is not amiss to point out that it is abundantly clear in this Circuit that the claimant's burden of proof is heavy, if not overweight. *Herridge v. Richardson*, 5 Cir., 1972, 464 F.2d 198, 199; *Brown v. Finch*, 5 Cir., 1970, 429 F.2d 80, 83. Indeed, this Court has stated that the showing required of the claimant "is so stringent that it borders on being unrealistic." *Williams v. Finch*, 5 Cir., 1971, 440 F.2d 613, 615. The practical fact in these cases is that if the claimant is unsuccessful at the administrative level, a reviewing court can rarely come to his aid and overturn an adverse decision by the Secretary. *Id.*

7. As to chronic obstructive lung disease, chronic bronchitis and emphysema, pulmonary studies conducted by the internist revealed only minimal (10–20%) obstructive impairment. The claimant's blood pressure was found by the internist to be 140/85; Dr. Winters reported, note 4, *supra*, that her blood pressure ranged from 170/100 to normal and that she was taking medication for this condition. Both the internist and Dr. Winters agreed that no cardiac impairment was shown by electrocardiogram. The orthopedic surgeon failed to find any degree of arthritis which he felt to be disabling. The psychologist who examined Mrs. Laffoon at the Administrative Law Judge's direction found her to have average intelligence and diagnosed her nervous condition as "situational adjustment of adulthood with moderate anxiety and depression." While he concluded that Mrs. Laffoon could not be expected to engage in competitive employment outside her home area, he premised this conclusion on her age and "cultural deprivation." We agree with the Administrative Law Judge that "cultural deprivation" is not a medical impairment contemplated by the Social Security Act. See §§ 1614(a)(3)(A), (B), 42 U.S.C.A. §§ 1382c(a)(3)(A), (B).