**Louvenia S. RHYNES,**
**Plaintiff-Appellant,**

v.

**Joseph A. CALIFANO, Jr., Secretary of Health, Education and Welfare, Defendant-Appellee.**

**No. 78–2543**
**Summary Calendar.***

United States Court of Appeals,
Fifth Circuit.

Dec. 14, 1978.

Rehearing and Rehearing En Banc
Denied Jan. 25, 1979.

---

* Rule 18, 5 Cir.; see *Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.*, 5 Cir., 1970, 431 F.2d 409, Part I.

C. Martin Lawyer, III, Bay Area Legal Services, Inc., Tampa, Fla., for plaintiff-appellant.

John L. Briggs, U. S. Atty., Judy S. Rice, Asst. U. S. Atty., Tampa, Fla., for defendant-appellee.

Before GOLDBERG, AINSWORTH and HILL, Circuit Judges.

AINSWORTH, Circuit Judge:

This appeal involves the denial of an application for disability insurance benefits by the Secretary of Health, Education and Welfare. Appellant Louvenia Rhynes applied for a period of disability, disability insurance benefits and supplemental security income under sections 216(i), 223 and 1601–1634 of the Social Security Act, as amended, 42 U.S.C. §§ 416(i), 423 and 1381–1383c, claiming that she has been disabled since February 6, 1975 due to a back injury, ulcers and a hiatal hernia. Following an adverse decision by the Secretary, she sought review in the district court pursuant to section 205(g) of the Act, 42 U.S.C. § 405(g). The district court, after a hearing before a magistrate, upheld the Secretary's denial of benefits. We affirm.

The claimant is a 54-year-old woman who completed the tenth grade in school and can read and write. She is separated from her husband and does not drive. She has worked as a domestic in private homes, a salad maker in a cafeteria, a shirt presser in a laundry and as a preparer of food trays in a hospital. Since 1975 appellant has received treatment for recurring back pain, a stomach ulcer and a hernia in her esophagus. She asserts that the back condition severely limits her mobility, involves constant pain and prevents her from sitting for any extended period, while the ulcer and hernia cause pain and periodic vomiting. Rhynes has not worked since February 27, 1975.

In Social Security disability cases, the claimant bears the burden of showing the existence of a disability as defined by the Act. *McDaniel v. Califano,* 5 Cir., 1978, 568 F.2d 1172; *Turner v. Califano,* 5 Cir., 1977, 563 F.2d 669. In order to establish a disability the claimant must show that he suffers from a mental or physical impairment that not only renders him unable to perform his previous work but, given his age, education, and work experience, prevents him from engaging "in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would

be hired if he applied for work."[1] After a hearing and a review of reports from various doctors, the Administrative Law Judge concluded that appellant had not successfully carried this burden, and the HEW Appeals Council affirmed this decision.

Under section 205(g), 42 U.S.C. § 405(g),[2] judicial review of the Secretary's findings is limited to a determination of whether the findings are supported by substantial evidence. See *Richardson v. Perales,* 402 U.S. 389, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971). Our function is not to reweigh the evidence or to substitute our judgment for that of the Secretary. *Laffoon v. Califano,* 5 Cir., 1977, 558 F.2d 253. In this case, we find substantial evidence in the record to support the denial of appellant's claim.

■ Although the medical records in the record suggest that Rhynes may suffer from some chronic lower back strain, they also indicate that she has good flexibility in her back and extremities, that she can walk normally and without difficulty, that her reflexes are normal and that she has experienced no weakness or spasms in her muscles. Dr. Rupert A. Schroeder, a certified orthopedist who examined appellant on July 14, 1976, wrote in his report: "I do not believe she is totally disabled, although from the history alone I would not advise work that would require frequent bending, stooping or repeated lifting." There has been no diagnosis of an organic disorder likely to produce disabling pain in the claimant's back. The record shows that Rhynes has suffered from ulcers and a hiatal hernia, but that these conditions are improving satisfactorily and can be controlled by diet and use of antacids. A voca-

tional expert testified at the hearing that, although appellant could not perform her previous work involving frequent bending and lifting, she could perform a wide range of sedentary jobs existing in substantial numbers locally and throughout the national economy.

Finally, appellant contends that in evaluating her claim of disabling pain the Administrative Law Judge improperly required that this claim be substantiated by physical manifestations of pain and the taking of strong medication. While it is clear that the Secretary must consider a claimant's subjective symptomology and claims of pain and discomfort in determining the existence of a disability, *Mims v. Califano,* 5 Cir., 1978, 581 F.2d 1211; *DePaepe v. Richardson,* 5 Cir., 1972, 464 F.2d 92, the burden remains with the claimant to demonstrate that the pain is disabling. In this case, the Administrative Law Judge considered appellant's claim of disabling pain but concluded, after a careful review of the evidence, that Rhynes had failed to carry the burden of showing that her pain was disabling. He erected no improper standard requiring the evaluation of claims of disabling pain under specific, objective criteria. Rather the Administrative Law Judge listed appellant's good physical comportment and the fact that she did not take pain medication as two of several evidentiary factors that led him to conclude that Rhynes had failed to meet her burden.[3] There is substantial evidence in the record to support this conclusion. Accordingly, the district court's judgment is

AFFIRMED.

1. § 223(d)(2)(A), 42 U.S.C. § 423(d)(2)(A). § 1614(a)(3)(B), 42 U.S.C. § 1382c(a)(3)(B), establishes the same definition of disability for purposes of supplemental security income.

2. § 205(g), 42 U.S.C. § 405(g), reads in pertinent part:
   The findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive . . . .

3. The Social Security Act and the regulations promulgated thereunder require that a physical or mental impairment resulting in disability be

the product of "anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." §§ 223(d)(3) and 1614(a)(3)(C), 42 U.S.C. §§ 423(d)(3) and 1382c(a)(3)(C). See, e. g., *Laffoon v. Califano,* 5 Cir., 1977, 558 F.2d 253; *Kirkland v. Weinberger,* 5 Cir., 1973, 480 F.2d 46, cert. denied, 414 U.S. 913, 94 S.Ct. 255, 38 L.Ed.2d 155 (1973); see also § 223(d)(5), 42 U.S.C. § 423(d)(5), and 20 C.F.R. §§ 404.1501(c) and 404.1502(b) (1977).