Percy **JOHNSON**, Plaintiff-Appellant,

v.

Patricia Roberts **HARRIS**, Secretary of Health and Human Resources, Defendant-Appellee.

No. 79–3101
Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

March 3, 1980.

* Fed.R.App.P. 34(a);  5th Cir. R. 18.

Mary Ellen Felps, Austin, Tex., for plaintiff-appellant.

Hugh P. Shovlin, Asst. U. S. Atty., San Antonio, Tex., for defendant-appellee.

Before BROWN, TJOFLAT and FRANK M. JOHNSON, Jr., Circuit Judges.

PER CURIAM:

The issue of this appeal is whether the District Court erred in granting a summary judgment affirming the finding of an Administrative Law Judge (ALJ) that the Appellant was not disabled within the meaning of Sections 416(i)(1) and 423(d)(1)(A) of the Social Security Act and thus was not entitled to disability insurance benefits. We hold that the Administrative Law Judge did not have sufficient evidence on which to base his finding, and the District Court erred in granting summary judgment affirming this finding. Therefore, we reverse and remand.

The Appellant, Percy Johnson, is a fifty-nine year old man with a fifth grade educa-tion who was formerly employed as a heavy equipment operator but has not worked since November 9, 1976. After a medical examination on March 3, 1977, the Veterans Administration (VA) classified Johnson as disabled due to degenerative disease at multiple levels of the cervical spine. Johnson received $199 a month from that agency as disability compensation. This is his only source of income.

On May 9, 1977, the claimant filed an application with the Social Security Administration (SSA) for disability insurance benefits, claiming that he was disabled due to constant pain in his head, back and arms. This application was denied initially and upon reconsideration by the Office of Disability Operations of the SSA. A hearing on the claim was held on November 30, 1977, before the ALJ who found that Johnson was not entitled to Social Security disability benefits. This decision was approved by the Secretary of Health, Education and Welfare on March 29, 1978. Johnson then filed suit in the Western District of Texas pursuant to § 205(g) of the Act, 42 U.S.C. § 405(g) (1974). The SSA's motion for summary judgment, affirming the finding of the ALJ, was granted by the District Court, and Johnson's motion for rehearing was denied. Now he appeals.

### I. The Evidence Presented At The Hearing

The evidence at the hearing before the ALJ revealed that Johnson has undergone surgery several times. In 1945, he had an operation on a ruptured tendon in his right forearm. He underwent surgery again in 1965 for the removal of two discs and the fusion of his lumbar spine. In 1968, a windmill fell on him, breaking his neck. A bone graft at the C–5 and 6 levels of the cervical spine was required. Ever since this operation he has worn a cervical collar to support his neck. At the time of his initial application for social security benefits, he was having traction with a twenty pound weight three times a day, but is unclear from the record whether he still requires this treatment.

On November 9, 1976, Johnson entered the Veterans Administration Clinic complaining of severe abdominal pain. A perforated duodenal ulcer, which was closed, and an ulcer crater at the greater curvature of the stomach were discovered and treated with antacids. On a second visit to the VA Clinic on April 29, 1977, a gastric ulcer with a second lesion was discovered but was determined not to require surgery.

At the hearing Johnson testified that he is not able to stand, sit, or lie down in one position for long periods of time. Therefore, he is unable to sleep well at night, never getting more than five or six hours of sleep a night. He is able to take care of his personal needs, such as bathing, shaving and dressing himself. However, he has trouble keeping his right arm raised for any length of time because he gets cramps in his forearm.

He is able to go to the grocery store with his wife, but often has to sit in the car and wait for her because he cannot stand to walk too long. He is able to drive very short distances, but not as far as eighteen miles to his church. He can walk only two or three blocks without resting. He takes pills for the pain in his back two or three times a day. He also takes antacids for his ulcers.

There was no testimony given by any medical experts at the hearing. Among the numerous exhibits introduced was a SSA medical disability determination dated June 8, 1977, which states that Johnson did have "some degenerative arthritic changes of the cervical spine," but that there was no other evidence of back injury. This condition was determined not to amount to disability. Another disability determination of July 21, 1977, described Johnson's ulcers as a severe impairment but, with proper medical management, not considered to persist for twelve consecutive months. Therefore, they were not considered disabling either. On appeal, Johnson attacks these reports as insufficient because he claims the physicians who wrote them never even examined him.

At the hearing, a vocational expert testified that Johnson's former job as a heavy equipment operator was classified by the Dictionary of Occupational Titles as a job which requires a medium range of work activity, the lifting, pushing or pulling of not more than fifty pounds.

The ALJ then posed a hypothetical question to the vocational expert:

Question: All right, now then, disregarding completely any mental or physical impairment which the claimant may have or be found to have, what transferable skills, if any, does he have that could be utilized in the work of a lighter nature than his former work as a heavy equipment operator?

Answer: For example, an individual that has reading comprehension of Mr. Johnson's age would be able to work at positions such as a watchman—these are jobs where we're not talking about carrying guns for high security, but basically individuals that might work in a building or in a parking lot, give directions and do—check people in and out of the building or a parking lot. Another one would be involved with, as toll collector, and these are jobs that are typically classified locally as a parking lot attendant, where you're taking money and making change when a person comes in and out of a parking lot. The third example would be that as a person that's working as a buffer or polisher in the jewelry business, just cleaning rings, snapping sets out of old rings, such as an art carved diamonds—that's an industrial type of setting, I'm not talking about locally in a small jewelry store but in an industrial manufacturing setting.

But the expert qualified his answer:

Now the question that the judge posed to me was that if you have no physical problems.

\*　　\*　　\*　　\*　　\*　　\*

And if in his review of the records he finds that the physical problem is such that you're unable to operate a vehicle, then that job is thrown aside, it's inappropriate as an answer.

This was the end of the hearing.

## II. The Sufficiency Of The Evidence

The burden of a claimant to establish disability under the Act, 42 U.S.C.

§§ 416(i)(1) & 423(d)(2)(A) (1974) is a very heavy one. Indeed, it is so stringent that it has been described as bordering on the unrealistic. *Williams v. Finch,* 440 F.2d 613, 615 (5th Cir. 1971) (Ainsworth, J.). Not only must the claimant show that he has a medically determinable physical or mental impairment which has lasted or is suspected to continue for twelve months, he also must prove that he cannot find "substantial gainful work which exists in the national economy, regardless of whether * * * he would be hired if he applied for [such] work." 42 U.S.C. § 423(d)(2)(A).

■ Despite the stringency of this test, the District Court can reverse a finding of the SSA adverse to a claimant only if it is not supported by substantial evidence. 42 U.S.C. § 405(g) (1974). The reviewing court may not reweigh the evidence nor substitute its judgment for that of the Secretary. *Laffoon v. Califano,* 558 F.2d 253, 254 (5th Cir. 1977); *Goodman v. Richardson,* 448 F.2d 388, 389 (5th Cir. 1971). The scope of our review on this appeal is also limited. We only may question whether the District Court was correct in concluding that there was substantial evidence on which to base the finding of the ALJ.

Substantial evidence is "more than a scintilla, and must do more than create a suspicion of the existence of the fact to be established. 'It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *NLRB v. Columbian Enameling and Stamping Co.,* 306 U.S. 292, 300, 59 S.Ct. 501, 505, 83 L.Ed. 660, 665 (1939), *quoting Consolidated Edison Co. v. NLRB,* 305 U.S. 197, 229, 59 S.Ct. 206, 217, 83 L.Ed. 126, 140 (1938).

The reviewing Court must look at all evidence as a whole and take into consideration

(1) objective medical facts or clinical findings; (2) diagnoses of examining physicians; (3) subjective evidence of pain and disability as testified to by the claimant and corroborated by his wife, other members of his family, his neighbors and others who have observed him; and (4) the claimant's age, education and work history.

*DePaepe v. Richardson,* 464 F.2d 92, 94 (5th Cir. 1972).

■ A claimant for social security disability benefits has the burden of proving his disability under the Act. He "must show that he suffers from a mental or physical impairment that not only renders him unable to perform his previous work but, given his age, education, and work experience, prevents him from engaging 'in any other kind of substantial gainful work which exists in the national economy, regardless of whether·such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work.'" *Rhynes v. Califano,* 586 F.2d 388, 389–90 (5th Cir. 1978) *quoting* 42 U.S.C. § 423(d)(2)(A). *See also Kirkland v. Weinberger,* 480 F.2d 46 (5th Cir.), *cert. denied,* 414 U.S. 913, 94 S.Ct. 255, 38 L.Ed.2d 155 (1973); *Williams v. Finch, supra.* However, the claimant need not prove all of this initially. Once he shows that he is disabled to the point that he can no longer perform his former job, the burden then shifts to the Secretary to show there is other gainful employment in the economy which the claimant can perform. *Knott v. Califano,* 559 F.2d 279, 281 (5th Cir. 1977); *Lewis v. Weinberger,* 515 F.2d 584, 587 (5th Cir. 1975); *DePaepe v. Richardson, supra,* 464 F.2d at 94; *Jackson v. Richardson,* 449 F.2d 1326, 1330 (1971).

■ The evidence presented by Johnson conclusively shows that he was no longer able to perform his former job as a heavy equipment operator. The ALJ accepted this assertion in his findings of fact. Therefore, the burden then shifted to the Secretary to present evidence that Johnson could engage in other, less strenuous gainful employment.

To this end, the Secretary presented a vocational expert to testify to the type of work Johnson could do. Due to the deficiencies in the ALJ's examination of this expert, we find that the Secretary did not meet its burden on this issue. The only

question the ALJ specifically asked the vocational expert was what sedentary jobs the claimant could do, given his qualifications, but "*disregarding completely* any mental or physical impairment which the claimant may have or be found to have." (Emphasis added). The vocational expert expressly qualified his answer by saying that the jobs he mentioned would not necessarily be possible to persons with certain "physical or mental problems."

The ALJ found that Jackson's condition was "pain producing, prevent[ing] a normal range of spinal motion, and significantly limit[ing] walking, bending, lifting, and carrying." The vocational expert never gave testimony concerning the availability of jobs for a person with Johnson's educational level and work experience and with the physical limitations the ALJ found Johnson to have. Thus, when the ALJ found from this evidence that

> The claimant retains the physical and mental capacity to perform sedentary jobs for which he is vocationally qualified and which exist in significant numbers in the region of his home, e. g., he is able to perform the jobs of watchman, toll collector, parking lot attendant, and jewelry buffer,

he made a conclusion that was not supported by substantial evidence. *See Stubbs v. Mathews,* 554 F.2d 1251 (5th Cir. 1977) (hypothetical question and vocational expert's answer concerning availability of jobs for claimant deemed insufficient to support denial of benefits because the hypothetical assumed claimant had no physical limitations, although there was clear evidence that some such limitations existed).

### III. Remand As The Appropriate Remedy

■■ A reviewing Court can, in its discretion and for "good cause shown," remand a social security claim in order that additional evidence be taken. 42 U.S.C. § 405(g). Because of the insufficient questioning of the vocational expert, we do not find enough evidence in the record to support a finding against the claimant. But we do not find enough evidence in the record to require us to uphold Johnson's claim either. We believe this is a "good cause" to remand to the SSA for further hearing before an ALJ.

Besides the testimony of the vocational expert, the record shows other inadequacies which we believe warrant remand. The only real evidence to support the denial of benefits, other than the assumed refusal of the ALJ to believe all of the claimant's testimony, is the two reports by the SSA "Review" physicians whom, Johnson claims, had never even seen him. *Richardson v. Perales,* 402 U.S. 389, 402, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842, 853 (1971) holds that a written report by a licensed physician who has examined a claimant can constitute substantial evidence on which to support an administrative decision to deny social security benefits. If it is true that the physicians who reported on Johnson's condition did not even see him, this alone would not be substantial evidence on which to base an administrative decision. Whether these physicians did see Johnson or had other adequate acceptable information before making their reports is another inquiry to pursue at the further hearing.

■■ Finally, Johnson has submitted additional evidence on appeal which he claims supports his position. This is a medical examination report by Johnson's treating physician dated March 13, 1978, and a May 24, 1979, statement by that physician stating that Johnson's condition limits his productive activity to four hours a day. Moreover, this physician does not expect Johnson's condition to improve. It has been held that a physical limitation which prevents a claimant from working a full workday, minus a reasonable time for lunch and breaks, constitutes a disability within the meaning of the Act. *Cornett v. Califano,* 590 F.2d 91 (4th Cir. 1978). *Cf. Prestigiacomo v. Celebrezze,* 234 F.Supp. 999 (E.D.La. 1964); *Austin v. Celebrezze,* 230 F.Supp. 256 (S.D.Tex.1964) (irregular or sporadic work does not qualify as substantial gainful activity). Of course, this Court is limited to an examination of the evidence before ALJ and is not allowed to consider this new

evidence in deciding if the administrative decision was correct. However, the existence of new evidence can create "good cause" for remand to the ALJ for additional findings. *Mann v. Gardner,* 380 F.2d 182, 187 (5th Cir. 1967); *Story v. Richardson,* 356 F.Supp. 1182, 1184 (E.D.Tenn.1972).

For the foregoing reasons, we reverse the District Court's summary judgment in favor of the SSA and remand the case with orders for the District Court in turn to remand to the SSA for further hearing in accordance with this opinion.

REVERSED and REMANDED.