Johnie J. BRENEM, Plaintiff-Appellant,

v.

Patricia Roberts HARRIS, Secretary of
Health and Human Services,
Defendant-Appellee.

No. 79–3798

Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

July 14, 1980.

Robertson & Wilkinson, Carl M. Weis-
brod, Dallas, Tex., for plaintiff-appellant.

Kenneth J. Mighell, U.S. Atty., Martha
Joe Stroud, Asst. U.S. Atty., Dallas, Tex.,
Walter E. McCabe, Jr., Baltimore, Md., for
defendant-appellee.

* Fed.R.App.P. 34(a); 5th Cir. R. 18.

Before BROWN, TJOFLAT and FRANK M. JOHNSON, Jr., Circuit Judges.

PER CURIAM:

Appellant, Johnie J. Brenem, appeals the decision of an Administrative Law Judge (ALJ) of the Department of Health and Human Resources denying him social security disability benefits for a period from January 30, 1976, a few days after he received a work-related back injury, until September, 1978, when he was deemed totally disabled due to a subsequent heart attack. On the reasoning that the record fails to show substantial evidence that Brenem was not totally disabled, we reverse and remand.

Brenem's application initially was denied by the Social Security Administration (SSA). He then pro se requested review of this finding by a Social Security ALJ. He indicated a desire to appear in person without the benefit of counsel. He later changed his mind, waiving his right to appear and asked that the decision be made on the basis of the exhibits in the record. This was done, and the ALJ found that:

> The claimant has since January 30, 1976, had a spondylolysis of the lumbosacral spine and either a mild hysterial conversion neurosis or a mild compensation neurosis with some mild anxiety and depression.

However,

> Although the claimant had the above mentioned impairments, he retained the residual mental and physical functional capacity to have continued to engage in substantial gainful activity by working at any of several different types of light and/or sedentary jobs existing in large numbers in the general geographical area where he lives which he is vocationally qualified to perform, according to an expert vocational assessment of his vocational capabilities, including the jobs of attendant at a self-service type automobile service station, bench assembler of small parts at a manufacturing plant, security guard, watchman, machine operator, and many others.

The Appeals Council of the SSA approved this determination, and the District Court affirmed, relying upon a Magistrate's findings, conclusions and recommendations after reviewing the ALJ's findings.

We find that the record demonstrates substantial evidence to support the ALJ's findings concerning Brenem's physical and psychological impairments. What the record does not show, however, is substantial evidence to support the finding that there existed in the economy other gainful employment which Brenem could do.

In order for a claimant to prove eligibility for Social Security disability benefits, he must show not only "that he has a medically determinable physical or mental impairment which has lasted or is suspected to continue for twelve months, [but] he must also prove that he cannot find 'substantial gainful work which exists in the national economy, regardless of whether . . . he would be hired if he applied for [such] work.'" *Johnson v. Harris*, 612 F.2d 993, 997 (5th Cir. 1980), *quoting* 42 U.S.C.A. § 423(d)(2)(A) (1974).

With respect to the latter part of his burden of proof, once a claimant has shown that he no longer can perform his former job, the burden then shifts to the Secretary to show that he can perform other gainful employment available in the economy. *De-Paepe v. Richardson*, 464 F.2d 92, 94 (5th Cir. 1972). There is no dispute here that Brenem was no longer capable of performing the job he had before his back injury, and that the burden of proof of alternative employment then shifted to the Secretary.

To meet this burden, interrogatories were propounded to a vocational expert, who was also given a copy of almost all of the exhibits in the record. These interrogatories began as follows:

> Based on your review of the exhibits admitted in evidence in this case, please furnish answers to the following questions:
>
> 1. Assuming the claimant retains the physical capacity to perform light jobs not requiring frequent or re-

peated but only occasional bending, stooping and lifting, are there any jobs existing in the Abilene and west Texas area which he would be able to perform considering his age, education, and past work experience? Indicate the numbers in which each type of job exist and provide the names of one or more employers in the area where such jobs exist.

There followed three similar hypothetical questions, assuming other physical limitations on the part of the claimant. But none of these interrogatories ever required the vocational expert to assume the claimant had any psychological impairments.

The conclusion of the Magistrate on this issue, which was accepted by the District Court, was that

the medical records submitted to the vocational expert make ample reference to the psychological aspects of Plaintiff's physical impairment. Under such circumstances the Secretary has discharged his burden of demonstrating that the Plaintiff was capable of engaging in substantial gainful activity.

We do not think it is proper to assume that because the vocational expert was aware of Brenem's *psychological* problems, that he took them into consideration in answering hypothetical questions which referred only to *physical* impairments. Or at least we have no basis for assuming that had these factors been included in the hypothetical questions his answer would have been the same.

The same issue was recently addressed by this Court in *Johnson, supra*. There we considered an hypothetical question posed to a vocational expert who was instructed to "disregard" completely any mental or physical impairment which the claimant may have or be found to have." *Id.* at 998. We held that unless there was vocational expert testimony concerning the availability of jobs for a person with the claimant's

educational level, work skills and experience and physical limitations, the decision of the ALJ, based significantly on the expert testimony, would be unsupported by substantial evidence.

■ The same rule applies here with respect to Brenem's psychological impairments. The ALJ found that they did exist, and it is certain that mental and psychological defects can combine with physical impairments to create total disability to perform gainful employment. *See, e. g., Broussard v. Gardner*, 382 F.2d 278 (5th Cir. 1967); *Dodsworth v. Celebrezze*, 349 F.2d 312 (5th Cir. 1965). It cannot be said that the ALJ fully considered all aspects of Brenem's disability when there is no evidence in the record as to the type of work available to a person with "a spondylolysis of the lumbosacral spine *and* either a mild hysterical conversion neurosis or a mild compensation neurosis with some mild anxiety and depression." (Emphasis added.)

■ As we held in *Johnson, supra*, the record as it stands is insufficient to affirm, but it is also insufficient for us to say that Brenem was totally disabled. We find that this quandary is a "good cause" to remand this action to the ALJ under 42 U.S.C.A. § 405(g) for a further hearing relating to availability of employment for Brenem, assuming the physical *and* psychological limitations which he has been found to have. Hypothetical questions considering both these factors should be posed to the vocational expert. And Dr. Cooke's answers to a supplemental questionnaire concerning the combined effects of these impairments should be admitted into evidence [1] together with such further pertinent admissible evidence either one or both of the parties offer.

We also believe it would be wise for Brenem to be present at the hearing and represented by counsel. The very fact that

---

1. While we do not agree with Brenem that this questionnaire (and the evidence of Brenem's subsequent qualification for disability benefits because of a heart attack) are new evidence of sufficient probative value in and of themselves to warrant a remand, the questionnaire is relevant to the issues here raised on remand, the idea being that with a remand ordered the hearing should cover all pertinent evidence.

the vocational expert was insufficiently questioned in the interrogatories is ample evidence that Brenem may have been prejudiced by the lack of counsel. Moreover, Brenem's psychological condition, which included a strong tendency toward anxiety, indicates to us a good deal of doubt as to whether he knowingly waived his right to appear at the hearing and have counsel present with him.

For the foregoing reasons, we reverse the District Court's judgment in favor of the Social Security Administration and remand the case with orders for the District Court in turn to remand to the Social Security Administration for further hearing in accordance with this opinion.

REVERSED and REMANDED.