Alford P. WILLIAMS

v.

**Patricia Roberts HARRIS, Secretary of the Department of Health and Human Services.**

Civ. A. No. B–78–790–CA.

United States District Court,
E. D. Texas,
Beaumont Division.

Oct. 7, 1980.

March H. Coffield, Seale, Stover, Coffield & Gatlin, Jasper, Tex., for plaintiff.

John H. Hannah, Jr., U. S. Atty., C. Houston Abel, Asst. U. S. Atty., Tyler, Tex., for defendant.

## MEMORANDUM OPINION

JOE J. FISHER, District Judge.

This is an action under the Social Security Act, codified as 42 U.S.C. § 401 *et seq.*, and pursuant to § 405(g) thereof. All statutory references herein will be made to the United States Code Annotated Sections of the Act.

Alford P. Williams (Plaintiff) seeks review and reversal of the final decision of the Secretary of Health and Human Services (Secretary) dated November 16, 1978, which denied his claim for disability benefits.

The Plaintiff made his application for a period of disability benefits on April 5, 1978, alleging a disability to engage in substantial gainful activity beginning on June 15, 1976. Following rejection of his claim at the initial stages, the Plaintiff was afforded a hearing before an administrative law judge (ALJ) on August 10, 1978. The decision of the ALJ on September 28, 1978, denied disability benefits to the Plaintiff. On Request for Review, the Appeals Council affirmed the ALJ's decision, and this appeal followed.

The Court finds that the Plaintiff was born November 6, 1944, and graduated from high school. The Plaintiff's work history includes common laborer, stockboy, service station attendant, handyman, tree trimmer, truck driver, and bread route salesman. At the hearing on August 10, 1978, the vocational expert, Dr. Uhler, characterized the Plaintiff's work history as having been mostly medium to heavy in nature in that lifting, pushing, or pulling of between 50 and 100 pounds was required. Further, Dr. Uhler testified that the Plaintiff's working history indicated that excellent physical agility was required since not only pushing, pulling, and lifting were required, but also much bending, stooping, squatting, and climbing.

The Plaintiff testified that prior to his back injury in 1976, he had not missed a day of work in two years. He testified that he has troubling pain in his low back, down into his leg, which gets worse when he bends. Further, sitting bothers him and hurts his low back. The Plaintiff feels pain with prolonged sitting or standing and this condition is not relieved by merely lying down because this sometimes makes it hurt even worse. Only the combination of lying down and pain medication will give him a measure of relief. The Plaintiff testified that while sitting he cannot stay leaning over without support from his elbows for more than 30 seconds at a time. He can sit in a chair for 30–40 minutes, no more than an hour, before the pain will require him to get up and walk around. Just standing up will not relieve the pain, and he must find a place to lie down. He can walk about two blocks, but his legs feel "burnt out," "give completely out," and his body hurts, requiring him to sit or lie down. The Plaintiff has difficulty getting in and out of an automobile and riding for a period of an hour brings on pain. He experiences pain in his back, knees, cannot lift more than 10 pounds (which includes his three-year-old daughter), and is awakened four to five times a night by pain. The Plaintiff can get no relief from the pain without medication.

The burden of a claimant to establish disability under the Act, 42 U.S.C. §§ 416(i)(1) & 423(d)(2)(A), is a very heavy one. Indeed, it is so stringent that it has been described as bordering on the unrealistic. *Johnson v. Harris*, 612 F.2d 993, 997 (5th Cir. 1980); *Williams v. Finch*, 440 F.2d 613, 615 (5th Cir. 1971). He must show that

his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work.

42 U.S.C. § 423(d)(2)(A). However, the claimant need not prove all of this initially. Once he shows that he can no longer perform his former job, the burden shifts to the Secretary to show that there is other gainful employment in the economy which the claimant can perform. *Johnson v. Harris*, 612 F.2d at 997; *Knott v. Califano*, 559 F.2d 279, 281 (5th Cir. 1977); *Lewis v. Weinberger*, 515 F.2d 584, 587 (5th Cir. 1975); *DePaepe v. Richardson*, 464 F.2d 92, 94 (5th Cir. 1972); *Jackson v. Richardson*, 449 F.2d 1326, 1330 (5th Cir. 1971).

The Court's function in this case is limited to determining whether the Secretary's findings are supported by substantial evidence in the record as a whole. 42 U.S.C. § 405(g). This Court may not re-

weigh the evidence nor substitute its judgment for that of the Secretary. *Fortenberry v. Harris*, 612 F.2d 947, 950 (5th Cir. 1980); *Laffoon v. Califano*, 558 F.2d 253, 254 (5th Cir. 1977). Nevertheless, the Court is obligated to scrutinize the record in its entirety to determine the reasonableness of the Secretary's decision. *Goodley v. Harris*, 608 F.2d 234, 236 (5th Cir. 1979); *Mims v. Califano*, 581 F.2d 1211, 1213 (5th Cir. 1978). Substantial evidence is more than a scintilla and must do more than create a suspicion of the existence of the fact to be established. It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229, 59 S.Ct. 206, 216, 83 L.Ed. 126 (1938)).

The reviewing Court must look at all the evidence as a whole and take into consideration (1) objective medical facts or clinical findings; (2) diagnoses of examining physicians; (3) subjective evidence of pain and disability as testified to by the claimant and corroborated by his wife, other members of his family, his neighbors, and others who have observed him; and (4) the claimant's age, education, and work history. *DePaepe v. Richardson*, 464 F.2d at 94.

■ The Social Security Act is remedial legislation and is therefore to be broadly construed and liberally applied in favor of coverage. *Williams v. Califano*, 590 F.2d 1332, 1334 (5th Cir. 1979); *Celebrezze v. Bolas*, 316 F.2d 498, 500 (8th Cir. 1963). In *Hicks v. Flemming*, 302 F.2d 470 (5th Cir. 1962), the court of appeals stated: "This Court has said that the disability insurance law is not to be applied in a niggardly fashion. '[T]he purpose of much social security legislation is to ameliorate some of these rigors that life imposes.'" *Id.* at 473 (quoting *Butler v. Flemming*, 288 F.2d 591, 595 (5th Cir. 1961)). In *Kohrs v. Flemming*, 272 F.2d 731 (8th Cir. 1959), the court stated that it was not the intention of Congress to have the Secretary create inflexible formulae for the determination of disability within the meaning of the Act; to do so would

be both harsh and inequitable. *Id.* at 736; *see also Murphy v. Gardner*, 379 F.2d 1, 5–6 (8th Cir. 1967). The Act does not apply only to the totally helpless and bedridden or to those at death's door. *Butler v. Flemming*, 288 F.2d at 594.

■ The Plaintiff's testimony that he suffers severe pain in his back and must lie down frequently is uncontradicted. Even though this testimony as to pain and regimen of treatment is uncorroborated by other witnesses, every reasonable mind is aware of the extreme and intensive pain that medical science through the years has revealed that accompanies a back or spinal column condition. The ALJ found by implication that the Plaintiff suffers from some pain when he found: "The claimant does not suffer pain of such intensity that the pain, or medication taken for pain, so affects concentration as to prevent him from working." Transcript at 16. Though it is true that a finding that a claimant suffers pain in fact does not necessarily foreclose an attack on his credibility or require a finding of disability under the Act, *Gaultney v. Weinberger*, 505 F.2d 943, 946 (5th Cir. 1974), it is equally true that pain alone can be disabling, even where its existence is unsupported by objective medical evidence. *Prewitt v. Gardner*, 389 F.2d 993, 994 (5th Cir. 1968); *Hayes v. Celebrezze*, 311 F.2d 648, 651–52 (5th Cir. 1963). Where the severity of a claimant's pain and fatigue are unascertainable, subjective evidence is entitled to great weight, especially when uncontradicted. *Combs v. Weinberger*, 501 F.2d 1361, 1362–63 (4th Cir. 1974). A claimant for disability benefits need not establish the existence of impairments solely by objective medical, clinical, or laboratory evidence. *Branham v. Gardner*, 383 F.2d 614, 627 (6th Cir. 1967). If the pain is real and, as such, results in the claimant being physically unable to engage in any gainful occupation suited to his training and experience, and it results from any medically determinable physical or mental impairment, such disability entitles the claimant to benefits under the Act, even though the cause of the pain cannot be demonstrated by objective clinical or laboratory findings. *Page v. Celebrezze*, 311 F.2d 757, 762–63 (5th Cir. 1963);

*Norwood v. Finch,* 318 F.Supp. 739, 742 (E.D.Tex.1970). The ALJ's finding regarding the extent of the Plaintiff's pain is not supported by substantial evidence.

The medical evidence in this case comes from two treating physicians. Ronald G. Corley, M.D., a board-certified orthopedic surgeon in Lufkin, Texas, on April 22, 1978, wrote:

> I have been seeing Mr. Williams since 6/23/76 when he was admitted to Memorial Hospital in Lufkin for low back strain.... He had difficulty doing any activity without pain. He takes medication on a regular basis. I feel he has chronic low back strain. This would preclude him from doing any heavy type work.

Transcript at 130. Dr. Corley concluded, based on objective findings and not on the patient's complaints or unsupported allegations, that the Plaintiff:

> (a) should be able to lift and carry less than 10 pounds;
>
> (b) should bend only occasionally;
>
> (c) should not stoop, kneel, squat, or crouch at all;
>
> (d) should not crawl at all; and
>
> (e) should not climb or balance at all.

Transcript at 132. In addition, Dr. Corley has prescribed a back brace which the Plaintiff continues to wear.

C. Bryce Thomas, M.D., a general practitioner in Jasper, Texas, has treated the Plaintiff since June 15, 1976. He stated on August 7, 1978, that the Plaintiff:

> ... is not able to work because of back symptoms and complications. It is my professional opinion after my examination of him that he has chronic lumbar disc syndrome with back pain and is presently unable to return to work.... In summary, Mr. Williams' back does appear to be unstable in type and shows no chance of getting better in the foreseeable future and I would consider him to be totally and permanently disabled at this point.

Transcript at 142.

█ Both doctors reached similar conclusions. Dr. Corley diagnosed the Plaintiff as suffering from low back strain with accompanying pain. Dr. Thomas diagnosed the Plaintiff as suffering from chronic lumbar disc syndrome with back pain. In fact, Dr. Thomas specifically stated that the Plaintiff is "totally and permanently disabled." *Id.* While such uncontradicted expert opinion on the ultimate issue is not binding on the ALJ, he may not arbitrarily choose to ignore uncontroverted medical testimony. *Strickland v. Harris,* 615 F.2d 1103, 1110 (5th Cir. 1980); *Goodley v. Harris,* 608 F.2d at 236. At least one circuit has held that where there is medical proof of disability, the Secretary cannot deny disability benefits without some medical opinion that, in fact, the claimant is capable of gainful employment. *O'Bryan v. Weinberger,* 511 F.2d 68, 69–70 (6th Cir. 1975). The courts have often reversed decisions of the Secretary finding no disability where the uncontradicted medical evidence indicates that the claimant is disabled. *Mims v. Califano,* 581 F.2d at 1215; *Payne v. Weinberger,* 480 F.2d 1006, 1008 (5th Cir. 1973); *Williams v. Finch,* 440 F.2d at 615–16. The Secretary did not order an independent medical evaluation of the Plaintiff's condition and nowhere in the record does any medical expert state that the Plaintiff is capable of functioning in some sort of gainful employment. In fact, there is no statement of record by any medical expert that the Plaintiff is not physically disabled. The ALJ's conclusion that the Plaintiff is not disabled is not supported by substantial evidence.

█ When the ALJ found that the Plaintiff could not return to his former work, the burden shifted to the Secretary to show that there is other gainful employment in the economy that the Plaintiff can perform. *Johnson v. Harris,* 612 F.2d at 997. The ALJ attempted to do this through the use of Dr. Uhler, a vocational expert. Dr. Uhler acknowledged the absence of any counseling or interview of the Plaintiff. There was no evidence of the administration of any tests by Dr. Uhler to determine the Plaintiff's capability, intelligence, aptitude, manipulative skills, eye-hand coordi-

nation, or personality. The ALJ asked Dr. Uhler four hypothetical questions which assumed varying facts. The first two hypotheticals assumed, among other things, that the Plaintiff would have to lie down and rest beyond normal coffee and lunch breaks due to pain. These facts were uncontradicted in the record. Dr. Uhler testified that there were no jobs available for the Plaintiff. Transcript at 72, 73. The third and fourth hypotheticals eliminated the lying down factor and reduced the Plaintiff's pain to only a discomfort. Dr. Uhler then testified that some jobs were available. *Id.* at 73–75. The facts assumed in the last two hypotheticals are in direct conflict with the medical evidence and the testimony of the Plaintiff and, consequently, should not have been considered. These hypotheticals were incomplete in that they did not take into account the Plaintiff's total regimen of treatment and limitations. *Brenem v. Harris*, 621 F.2d 688, 690 (5th Cir. 1980); *Johnson v. Harris*, 612 F.2d at 998; *Harrell v. Harris*, 610 F.2d 355, 359 (5th Cir. 1980); *McFarland v. Harris*, 499 F.Supp. 550 (E.D. Tex.1980). A hypothetical question must comprehensively describe the limitations on the claimant's ability to function. *Brenem v. Harris*, 621 F.2d at 690; *Stephens v. Secretary of Health, Education, and Welfare*, 603 F.2d 36, 41–42 (8th Cir. 1979).

In determining that the Plaintiff is not under a disability as defined in the Act, the ALJ failed to properly apply the evidence as developed in the record. Only when consideration of the regimen of treatment was eliminated did the vocational expert think that the Plaintiff could engage in substantial gainful activity. The Plaintiff established an impairment which necessitated resting beyond normal coffee and lunch breaks which, in the opinion of the vocational expert, precluded him from engaging in gainful activity. *See Simmons v. Harris*, 602 F.2d 1233, 1236 (5th Cir. 1979) (reversing denial of disability benefits where Secretary's decision that claimant's pain was not of a disabling level was held to be unreasonable in light of the evidence, and vocational expert opinion testimony was to the effect that if claimant had to rest beyond normal coffee and lunch breaks during eight-hour workday, claimant could not perform any jobs previously enumerated in response to a hypothetical question assumed mild to moderate impairment).

Thus, the Secretary's decision is not supported by substantial evidence. From the record, it appears that the Plaintiff has not pursued any gainful employment where he earned a wage since the year of 1976. The Court finds, from both the objective and subjective reports and information and the record, that the Plaintiff is suffering from an extremely painful ailment, and that the combination of the ailment and accompanying pain precludes the Plaintiff from engaging in substantial gainful activity and, therefore, the Motion for Summary judgment filed by the Plaintiff should be GRANTED. It is, therefore,

ORDERED ADJUDGED and DECREED that the Plaintiff's Motion for Summary Judgment be GRANTED; and that the Secretary's Motion for Summary Judgment be DENIED; and the final decision of the Secretary of Health and Human Services be, and the same is hereby, REVERSED and REMANDED to the Secretary with directions to find that the Plaintiff is entitled to a period of disability and to disability insurance benefits.