Steven **EDWARDS**

v.

Richard **SCHWEIKER, Secretary of Health and Human Services.**

**Civ. A. No. B–81–217–CA.**

United States District Court, E. D. Texas, Beaumont Division.

May 26, 1982.

---

J. D. Rutland, Beaumont, Tex., for plaintiff.

Robert J. Wortham, U. S. Atty., Beaumont, Tex., William J. Cornelius, Jr., Asst. U. S. Atty., Tyler, Tex., for defendant.

## MEMORANDUM OPINION

JOE J. FISHER, District Judge.

This case is here on cross-motions for summary judgment. Plaintiff seeks review of a final decision of the Secretary of Health and Human Services under section 205(g) of the Social Security Act, 42 U.S.C. § 405(g). Plaintiff's application for disability benefits was denied both initially and on reconsideration by the Bureau of Disability Insurance of the Social Security Administration. A *de novo* hearing was held after which the Administrative Law Judge made a determination, based upon his own findings of fact, that the plaintiff was not disabled. The finding was approved by the Administration's Appeals Council. Plaintiff then filed this suit challenging the adverse administrative determination.

The plaintiff is a 54 year old male who claims that he became disabled in January, 1980, because of ear problems. He has a fifth grade education and has worked for about 25 years as a porter for a used car dealer.

The medical evidence reveals that plaintiff was seen by Dr. Barnette Hyman as early as 1968 for stopped up ears. At that time, a granuloma of the right ear canal was removed. In October, 1973, the plaintiff returned with the same complaint, at which time a polyp was removed from his left ear. A polyp was again found in December, 1973, but plaintiff did not return to have it removed. In August, 1974, plaintiff returned to Dr. Hyman who found an additional polyp on the left tympanic membrane, which was removed. Plaintiff was treated periodically for polypi in the left ear from August, 1977, through May, 1979.

X-rays suggested chronic sclerosing mastoiditis.

In May, 1978, an audiometric exam was performed revealing a bilateral hearing defect.

In December, 1979, plaintiff's condition was diagnosed as cholesteatoma in both ears. He was hospitalized for a modified radical mastoidectomy of the left ear and left tympanoplasty (surgical reconstruction of the middle ear).

In March, 1980, Dr. Heartfield, plaintiff's attending physician noted that plaintiff was still dizzy and that he was 100% disabled due to dizziness and hearing loss. In April and May, Dr. Heartfield again stated that plaintiff was permanently disabled. He noted increased dizziness and resistance to treatment.

A physical capacities evaluation was completed by Dr. Heartfield in October, 1980, and indicated that plaintiff could not bend, squat, crawl or climb, but could sit, stand or walk for four hours at a time and occasionally lift 50 pounds.

A hearing evaluation in June, 1980, showed normal results with a binaural hearing aid.

At the administrative hearing, the plaintiff testified that he suffered from chronic ear problems resulting in dizziness, headaches, and partial hearing loss. He stated that his dizzy spells lasted anywhere from 15 to 30 minutes and could reoccur as frequently as every 25 minutes. He said that he could drive a car, mow his lawn, and help with the dishes, all subject to his dizzy spells.

Ted Jolly, a vocational expert, testified that there was work existing in the economy which plaintiff could perform. The ALJ asked Jolly a hypothetical which assumed that the plaintiff had "moderate dizziness which can be alleviated or helped to some degree by medication." The hypothetical further assumed that the plaintiff could stand and walk at least six to seven hours in a working day with frequent rest periods and that he could not work in "high dangerous places or where he [would be required to] carry ladders." The hypothetical further assumed that plaintiff could not work where his head would have to be leaned over.

The vocational expert was of the opinion that plaintiff could not perform his past work but did have the residual functional capacity for light to medium work which did not involve heights, ladders, extensive bending or driving. He testified that there were such jobs available in the economy.

The Court's review in this case is extremely limited. This Court's only function is to determine whether there is substantial evidence in the record to support the conclusion of the Secretary of Health and Human Services. *Flowers v. Harris*, 616 F.2d 776 (5th Cir. 1980); *Demandre v. Califano*, 591 F.2d 1088, 1091 (5th Cir. 1979). It is not the business of this Court to reweigh the evidence or to substitute its judgment for that of the Secretary's. *See Rhynes v. Califano*, 586 F.2d 388, 390 (5th Cir. 1978).

The burden is on the plaintiff to establish disability under the Social Security Act, and it is a very heavy one. Circuit Judge Robert Ainsworth once described it as "border[ing] on being unrealistic." *Williams v. Finch*, 440 F.2d 613, 615 (5th Cir. 1971). As a claimant under the Social Security Act, the plaintiff must show both the presence of a medically determinable physical or mental impairment which has lasted or is suspected to continue for 12 months *and* prove an inability to find "substantial gainful work which exists in the national economy, regardless of whether ... he would be hired if he applied for [such] work." 42 U.S.C. § 423(d)(2)(A). See *Johnson v. Harris*, 612 F.2d 993, 996–97 (5th Cir. 1980).

■ However, despite these rigorous criteria, this Court may reverse a finding of the Social Security Administration only if it is not supported by substantial evidence. 42 U.S.C. § 405(g). "Substantial evidence is 'more than a scintilla, and must do more than create a suspicion of the existence of the fact to be established. "It means such relevant evidence as a reasonable mind might accept as adequate to support a con-

clusion." ' " *Johnson v. Harris,* 612 F.2d 993, 997 (5th Cir. 1980), *quoting NLRB v. Columbian Enameling & Stamping Co.,* 306 U.S. 292, 59 S.Ct. 501, 83 L.Ed. 660 (1939), *quoting Consolidated Edison Co. v. NLRB,* 305 U.S. 197, 59 S.Ct. 206, 83 L.Ed. 126 (1938).

 Under the decision of the United States Court of Appeals in *DePaepe v. Richardson,* 464 F.2d 92 (5th Cir. 1972), it is incumbent upon this Court to look at the evidence as a whole and take into account the following factors:

(1) objective medical facts or clinical findings;

(2) diagnosis of examining physicians;

(3) subjective evidence of pain and disability as testified to by the claimant and others who have observed him;

(4) the claimant's age, education, and work history. *Id.* at 94.

As stated above, a claimant under the Social Security Act for disability benefits bears the burden of proving his disability. That is, the plaintiff in his action "must show that he suffers from a mental or physical impairment that not only renders him unable to perform his previous work but, given his age, education, and work experience, prevents him from engaging 'in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or, whether a specific job vacancy exists for him, or whether he would be hired if he applied for work.'" *Johnson v. Harris,* 612 F.2d 993, 997 (5th Cir. 1980); *Rhynes v. Califano,* 586 F.2d 388, 389–90 (5th Cir. 1978), quoting 42 U.S.C. § 423(d)(2)(A). Nevertheless, the plaintiff need not discharge all of his burden initially. If a showing may be made that he is disabled to the point that he is no longer able to return to his former job, the burden shifts to the Secretary to show that there is other gainful employment in the economy which the claimant can perform. *Johnson v. Harris,* 612 F.2d 993, 997 (5th Cir. 1980); *Knott v. Califano,* 559 F.2d 279, 281 (5th Cir. 1977);

*DePaepe v. Richardson,* 464 F.2d 92, 94 (5th Cir. 1972).

The Secretary's decision that the plaintiff's dizziness is not disabling cannot stand in light of the uncontradicted evidence that he suffers from severe and chronic dizziness. The plaintiff's treating physician wrote in May, 1980, that plaintiff "has had increased dizziness and has resisted treatment for this ... I feel that he is not capable of working due to his loss of balance ..." Record at 163. There is absolutely no evidence in the record which indicates otherwise, yet the ALJ determined that the plaintiff's dizziness was moderate and controlled by medication. The decision that this impairment is not disabling is not supported by substantial evidence and must be reversed.

The plaintiff's motion for summary judgment must be granted, the defendant's motion for summary judgment denied, and the decision of the Secretary reversed.