United States Court of Appeals
Fifth Circuit

**F I L E D**

**January 13, 2006**

Charles R. Fulbruge III
Clerk

I n the

# United States Court of Appeals
## for the Fifth Circuit

---

m 05-10549
Summary Calendar

---

KATHERINE DAUGHERTY,

Plaintiff-Appellant,

VERSUS

JO ANNE B. BARNHART,
COMMISSIONER OF SOCIAL SECURITY,

Defendant-Appellee.

---

Appeal from the United States District Court
for the Northern District of Texas
m 2:02-CV-83

---

Before SMITH, GARZA, and PRADO,
Circuit Judges.

PER CURIAM:*

---

* Pursuant to 5TH CIR. R. 47.5, the court has de-
termined that this opinion should not be published
and is not precedent except under the limited cir-
cumstances set forth in 5TH CIR. R. 47.5.4.

Katherine Daugherty appeals a judgment af-
firming the decision of the Commissioner of
Social Security ("the Commissioner") to deny
her application for supplemental security in-
come benefits. Finding no error, we affirm.

Daugherty applied for benefits in October
1999, claiming impairments including degen-
erative disc disease and severe depression. A
hearing before an administrative law judge

("ALJ") was held in November 2000. In January 2001, the ALJ returned an unfavorable decision, finding, based on the medical records, that Daugherty had the capacity to return to her past work as a waitress. The ALJ's decision was the final administrative decision of the Commissioner in this matter.

Daugherty saught judicial review in district court. The magistrate judge issued a report and recommendation evaluating the ALJ's decision and determining that it was supported by substantial evidence. The district court adopted the report and recommendation and affirmed the Commissioner's decision to deny benefits. On appeal, Daugherty contends only that the Commissioner's decision is not supported by substantial evidence.

Our review is limited to determining whether there is substantial evidence in the record supporting the Commissioner's decision to deny benefits and whether the Commissioner applied proper legal standards in doing so.[2] We may not re-weigh the record evidence, try the issues *de novo*, or substitute our judgment for that of the Commissioner.[3]

Conflicts in the evidence are to be resolved by the Commissioner, not the courts. *Laffon v. Califano*, 558 F.2d 253, 254 (5th Cir. 1977). Only a "conspicuous absence of credible choices" or "no contrary medical evidence" will support a finding of no substantial evidence. *Hames v. Heckler*, 707 F.2d 162, 164 (5th Cir. 1983). If, under these criteria, substantial evidence supports the Commissioner's findings, they are conclusive. *See* 42 U.S.C. § 405(g).

Daugherty's sole contention is that the ALJ's interpretation of the evidence was misguided. She makes no substantive arguments on appeal that she did not make before the magistrate judge. Based on our independent review of the ALJ's decision and the administrative record, we find the report and recommendation of the magistrate judge to be a proper disposition of the issues in this case. That report accurately evaluates the record evidence relied on by the ALJ and correctly applies the proper legal principles in finding that substantial evidence supports the Commissioner's decision.

Essentially for the reasons stated in the report and recommendation, the judgment is AFFIRMED.

---

[2] *See Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir.1994); *Johnson v. Bowen*, 864 F.2d 340, 347 (5th Cir.1998).

[3] *See Johnson*, 864 F.2d at 343.