**Cynthia A. ITALIANO, Plaintiff,**

v.

**SECRETARY OF HEALTH, EDUCATION AND WELFARE, Defendant.**

**No. 77 C 113.**

United States District Court,
E. D. New York.

July 21, 1978.

Alan C. Glassman, Brooklyn, N.Y., for plaintiff.

David C. Trager, U.S. Atty., E.D. New York, Brooklyn, N.Y., for defendant by Elaine C. Buck, Asst. U.S. Atty., Brooklyn, N.Y., and Borge Varmer, Regional Atty., Region II, by Diana M. Weiner, Asst. Regional Atty., Dept. of Health, Ed. and Welfare, New York City.

## MEMORANDUM OF DECISION AND ORDER

NEAHER, District Judge.

This action to review a denial of Social Security disability insurance benefits to plaintiff was initially referred to a United States Magistrate to review the administrative record, hear the contentions of the parties and report to the Court his recommended disposition of their respective motions for judgment on the pleadings. That has been done and the matter is now before the Court on the Magistrate's recommendation that the defendant Secretary's motion for judgment on the pleadings dismissing the action be granted, and on the plaintiff's objections to such a disposition.

After an independent searching review of the record, the Court agrees with and accepts the Magistrate's recommendation, and a copy of his report is incorporated as part of this decision. In light of plaintiff's objections, however, it seems desirable to amplify the Magistrate's discussion of the facts and medical evidence of record which support the Secretary's determination.

In July 1976, when this second application for disability insurance benefits was heard by an administrative law judge, plaintiff was 36 years old and until 1972 had been employed for some 16 years as a billing typist. She is divorced and the mother of two children, one then 10 years of age and an infant of 5 months. She ceased employment in May 1972 after catching cold from working in an excessively air conditioned room. She later received a disability award from the Workmen's Compensation Board for a myositis of the neck, shoulders, back, hands and arms, which was held to constitute an accidental injury arising out of and in the course of employment. This disability was held to have terminated on March 22, 1973. Plaintiff has supported herself since by means of alimony, welfare payments received for a niece who resides with her, and help from her parents.

In 1973 plaintiff had been under the care of Dr. Vincent J. Geraci, who diagnosed her condition as polyarthritic with myositis of shoulders, limitation of wrist motion and generalized arthritic pain, but which he felt was probably resolved as of his last examination on March 22, 1973. In her subsequent applications for Social Security benefits, plaintiff has consistently stressed the continuation of such pain as the basis for her claims. However, except for the finding of a chiropractor, Dr. Arnold E. Forster, who reported that his examination "showed restriction of spinal mobility," no medical doctor has found any objective basis for such claims. Indeed, on July 8, 1975, Dr. Geraci reported as follows:

"This patient has had subjective complaints of rheumatoid arthritis for several years. Physical examination does not reveal any marked deformities. Pain and motion limitation are mostly subjective. Objectively, there is very little in terms of positive findings. At present, she is pregnant. I have not taken any lab tests or x-rays but, as far as I know, results of such tests have not revealed any positive findings." (Record, p. 229)

In this Circuit it has been held that "even pain unaccompanied by any objectively observable symptoms which is nevertheless real to the sufferer and so intense as to be disabling will support a claim for disability benefits." *Ber v. Celebrezze,* 332 F.2d 293, 299 (2 Cir. 1964). It has also been said that an administrative law judge must consider the severity of pain in the context of the individual before him, rather than a theoretical normal person or even the average claimant. *Franklin v. Secretary of Health, Education and Welfare,* 393 F.2d 640 (2 Cir. 1968).

Nothing said in *Ber* or *Franklin,* *supra,* requires, however, that a claimant's assertions of continuing pain be accepted as conclusive on the issue of disability. If that were otherwise, such declarations would automatically establish entitlement to insurance benefits in every case. The credibility of a claimant's subjective complaints of pain clearly must be examined in relation to all of the other evidence of record in order to determine whether the "degree of pain [is] so severe and so continuous as to ren-

der" the claimant incapable of carrying on any occupation suitable to the claimant's age, education, skills and experience, and residual functional capacity.

██ On the record here the complaints voiced by plaintiff could in no sense be regarded as evidence of continuing pain so severe and intractable as to disable her from pursuing substantially gainful activity, if she chose to do so. She has never taken any other medication but aspirin for her condition, and has increased her weight from 110 lbs. to 120 lbs. Although she testified on her current application that her niece did most of the housework, other evidence of record indicates that on an average day she takes her daughter to school, straightens up the house, does light housework and knits. She has been able to walk five or six blocks and do the shopping, although denying that she carries any packages. She also drives a car locally and from exhibits in the record it appears she has no difficulty in writing long letters in a firm hand and also in typing letters. It is also manifest that her arthritis bothers her most in damp weather and when she is subjected to air conditioning, a not uncommon experience for arthritis sufferers. The credibility of plaintiff's complaints in light of these activities was well within the province of the administrative law judge to determine. *Deyo v. Weinberger,* 406 F.Supp. 968, 974 (S.D.N.Y. 1975). The record provides no basis for reaching a different result.

The defendant Secretary's determination is accordingly affirmed and his motion for judgment on the pleadings dismissing the complaint is granted.

SO ORDERED.

The Clerk of Court is directed to forward copies of this Memorandum of Decision and Order, together with the Report of the United States Magistrate, to the parties.

A. SIMON CHREIN, Magistrate.

This is an action brought under 42 U.S.C. § 405(g) to review a final determination of the Secretary of H.E.W. denying Mrs. Itali-ano's application for a period of disability and disability insurance benefits. Mrs. Italiano's application for disability benefits was filed on February 13, 1975 (184–187) *. A previous application for benefits based on the same grounds had been denied administratively on April 24, 1974 (182–183). Mrs. Italiano's claim for disability is based on a claim that she is afflicted with rheumatoid arthritis which resulted from an overexposure to air conditioning at a previous secretarial position. Her claim is that she is unable to freely move her fingers, wrists and her upper extremities and that she experiences pain and discomfort when sitting for prolonged periods of time due to a spinal dislocation and when subjected to air conditioning, and humidity (32, 35, 37). A hearing was held in connection with this matter before the Administrative Law Judge on July 6, 1976 (25–90) at which the plaintiff was represented by counsel. The Administrative Law Judge in a decision found that the claimant suffers from non specific arthritis causing pain and swelling in her joints but that she has not been prevented from engaging in substantial gainful activity for a period that has lasted or can be expected to last for at least twelve months; and that she was not under a disability as defined by the Social Security Act at any time since April 24, 1974, and prior to the date of the decision (17). The undersigned has reviewed the file in this matter and concludes that the Secretary's decision is supported by substantial evidence.

DISCUSSION

The Government's position is that the prior proceedings resulting in the determination denying a period of disability should serve as res judicata and that benefits should only be awarded in this matter for a condition arising subsequent to April 24, 1974. The Government cites authority to support this contention. *Domozik v. Cohen,* 413 F.2d 5 (3rd 1969), *Davis v. Richardson,* 460 F.2d 772 (3rd Cir. 1972), *James v. Gardner,* 384 F.2d 784 (4th Cir. 1967), *Hughes v.*

* Numbers in parenthesis refer to pages of the record filed by the defendant Secretary.

*Finch,* 432 F.2d 93 (4th Cir. 1970) and 20 CFR 404.937. The undersigned's view is that the Government has correctly cited the law in this regard notwithstanding the fact that under exceptional circumstances the doctrine of res judicata has been modified to permit a review of prior terminated proceedings in cases involving disability claims, *Grose v. Cohen,* 406 F.2d 823 (4th Cir. 1969). The facts of this matter do not rise to the extraordinary level encountered in *Grose.* Notwithstanding the clear authority limiting the plaintiff's claim to conditions arising subsequent to April 24, 1974, the undersigned has reviewed the entire medical history of the plaintiff and finds that her disability claim can be viewed as unwarranted even upon a review of the total record. The question for review in an action brought under 42 U.S.C. § 405(g) is confined to whether the Secretary's decision on questions of fact is supported by substantial evidence. The term substantial evidence has been defined in a manner that would preclude review of the Secretary's determination of a question of fact if that determination is supported by more than a scintilla but less that a preponderance of evidence. Accordingly, the Secretary's finding of fact, if reasonable, should not be disturbed by the Court on review, *Richardson v. Perales,* 402 U.S. 389, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971), *Gold v. Secretary of H.E.W.,* 463 F.2d 38 (2nd Cir. 1972), *Blalock v. Richardson,* 483 F.2d 773 (4th Cir. 1972), *Laws v. Celebrezze,* 368 F.2d 640 (4th Cir. 1966).

The medical evidence in this case both before and after the April 24, 1974 determination, amply supports the conclusion of the Administrative Law Judge. Eugene Antelis, M.D. examined the plaintiff on November 13, 1972. X-rays were taken of the right hand, wrist and shoulder and were found to be within normal limits. Dr. Antelis recommended that no restrictions be placed on Mrs. Italiano's activities (106). Sigmund Kahn, in a report dated September 13, 1972 (108) found her to be suffering from neurotic syndrome and with an impairment not sufficiently severe to prevent her return to work. L. Elstein, M.D. in a report of an examination on August 28, 1972 noticed no abnormality on physical examination, performed no laboratory tests because none were indicated and found that significant functional capacity was not limited. He also stated the opinion that the claimant in neurotic and is "pension-oriented" (124). Vincent Geraci, M.D. saw the plaintiff on October 12, 1972 (127) and could find no basis to analyze the extent of her impairment. Erwin Miller, M.D. saw the plaintiff on October 23, 1973 and found that she stood erect, experienced no obvious deformities went through full active range of motion of the cervical spine, shoulders, elbows and joints of the hands. There is no evidence of swelling or redness in these joints. She exhibited a full range of motion in both hip joints and feet, exhibited no osseous deformity. He concluded that the plaintiff had the ability to stand, sit, bend, walk, stoop, carry, push, pull, manipulate arms and fingers, lift, climb steps, use public transportation and drive vehicles (154–155). There were findings that the defendant was suffering from an occupational injury related to the claims advanced in this action but the workman's compensation finding indicated that her disability terminated as of March 22, 1973 (165–166). At the hearing held before the Administrative Law Judge, testimony was taken from Herbert Cohn, M.D. Dr. Cohn testified that the plaintiff's arthritis was of mild degree, that x-rays had not confirmed a vertebrae dislocation (43). She could walk and sit, the motion of her fingers was good, but that 8 hours of typing would be painful. He also found that the plaintiff may be suffering from pain in her hips as described but felt that the movement of her hips would have the tendency to alleviate such pain. Dr. Cohn however found that while she would have difficulty with fine manipulations of her fingers she could perform gross manipulations. He found that she could walk up two flights of stairs, lift five to eight pounds and sit in one place for about an hour with three or four minute periods every hour or so to get up and walk and she could continue this for about eight hours

(46) that she could bend and stoop several times an hour which could have painful effects in connection with her claimed stiffness. The doctor agreed that she could not return to her original work as a typist. On cross examination the doctor stated an opinion that if on a regular basis she had to alleviate her pain by resting for about an hour during what would be a common work day she could not function in any type of job. Testimony was also taken at the hearing by Dr. Malikin, a professor of Rehabilitation Counseling who testified as a vocational advisor. Dr. Malikin was present during the testimony of the plaintiff and of Dr. Cohn. Dr. Malikin testified that he has considered the plaintiff's limitations and that there were available within the economy, positions that a person with plaintiff's limitations could perform as a file clerk, mail clerk, library assistant and billing clerk. He testified as to the number of such positions available within this region (77). In response to a hypothetical question Dr. Malikin testified that if on a regular basis she had to alleviate her pain by resting for about an hour during what would be an actual work day, it would be impossible for her to function in any type of job (73). This hypothetical, however, does not conform to the medical testimony in this case which was that periods of rest of three to four minutes involving getting up and walking would be required every hour during an 8 hour work day (46). Dr. Malikin further testified that if she could sit for at least an hour and a few minutes relaxation would relieve her pain there were work activities that she could perform (74–75).

In order to qualify for a period of disability a claimant must show inability to engage in any substantial gainful activity. (42 U.S.C. § 423(d)(1)(A). The finding of fact by the Administrative Law Judge that this claimant is able to perform work activity is in the view of the undersigned supported by substantial evidence and for that reason the motion on behalf of the United States for judgment on the pleadings should be granted.

## CONCLUSION

Wherefore, it is respectfully recommended that the motion of the United States for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure be granted.