**Albert N. PRESNELL, SSA 518–01–5558, Plaintiff,**

v.

**Patricia Roberts HARRIS, Secretary of Health, Education, and Welfare, Defendant.**

**Civ. No. 79–1151.**

United States District Court, D. Idaho.

July 9, 1980.

Roderick D. Gere, Idaho Legal Aid Services, Inc., Boise, Idaho, for plaintiff.

Donald L. Harris, Asst. U. S. Atty., Boise, Idaho, for defendant.

## MEMORANDUM DECISION

RAY McNICHOLS, Chief Judge.

This case is before the Court on a review of the decision of the defendant, the Secretary of Health, Education, and Welfare ("Secretary"), that plaintiff is not entitled to a period of disability and disability insurance benefits under Sections 216(i) and 223(d), respectively, of the Social Security Act, 42 U.S.C. §§ 416(i) and 423(d). The Secretary determined that plaintiff was not

disabled according to the definition of disability contained in the above sections. The Court has jurisdiction to make such a review under the authority of 42 U.S.C. § 405(g). The scope of review is limited by the provision in the statute that any finding of the Secretary is binding on this Court on review, as long as the finding is supported by substantial evidence. However, even if the factual findings of the Secretary are supported by substantial evidence, her ultimate decision may not stand if an improper legal standard was applied.

Plaintiff filed a complaint in this Court, seeking review, and the Defendant has answered. Thereafter, an authenticated copy of the entire administrative record was filed with the Court. As is standard in review of such cases, the defendant moved for Summary Judgment based on the administrative record. Briefs have been filed by each party and the issue is joined. The plaintiff alleges that the Secretary applied an improper legal standard in identifying his previous work, that the Secretary failed to meet her burden of showing that the claimant could perform alternate employment, and that the Secretary's decision is not supported by substantial evidence.

I have fully and carefully reviewed the entire administrative record. Plaintiff is a fifty–seven–year–old man with a ninth grade education. He has worked in the forest industry operating heavy equipment and driving logging trucks for approximately 28 years. He also has been employed as a truck driver, transporting mobile homes, from 1967 to 1977. In March, 1977, the plaintiff became the manager of a motel where his duties included general maintenance of the grounds and rooms, and preparation of daily and monthly reports. He was periodically required to lift objects weighing from 20–75 pounds, and he worked from 7:00 a. m. to 1:00 a. m., seven days a week. The plaintiff testified before the Administrative Law Judge ("ALJ") that he had to discontinue this employment in August, 1977, five months later, when his wife became disabled with arthritis and was no longer capable of assisting him with his managerial duties.

Plaintiff complains that his various maladies prevent him from engaging in gainful employment. These include difficulty with his right knee, right shoulder, eyes and ears, Bell's Palsy, heart trouble, and high blood pressure. Additionally, plaintiff has a possible tumor in his right inner eardrum, and he has had ulcer problems, gastritis, a ruptured diaphragm, hypertension, and bouts with arthritis. The record shows that because he must take medication that induces drowsiness, plaintiff is unable to obtain an I.C.C. card, and, therefore, is prevented from continuing his truck–driving activities.

■ 42 U.S.C. § 423(d)(2) requires that an individual be found disabled "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . . ." To satisfy this statutory requirement, the claimant must show that he is unable to do the type of work he formerly engaged in. Once he has made such a showing, the burden shifts to the Secretary–defendant and the latter must demonstrate other types of work which the claimant is capable of doing. *Rosin v. Secretary of Health, Education, and Welfare*, 379 F.2d 189, 195 (9th Cir. 1967); *Benitez v. Califano*, 573 F.2d 653, 655–656 (9th Cir. 1978).

■ Although the ALJ's holding as to plaintiff's previous occupation is not absolutely clear, it appears that the ALJ identified the plaintiff's previous work as that of motel manager. This determination by the ALJ was wrong as a matter of law. Where the plaintiff worked nearly 38 years as a truck driver and heavy equipment operator and he was employed for only five months as a motel manager, the latter is not sufficient to constitute plaintiff's former occupation. Rather, a five–month attempt at employment different from the plaintiff's customary labors is considered to be trial work as recognized in 20 C.F.R. § 404.1536.

Although § 404.1536 applies to individuals rendering services during periods of established disability, the intent of that section is to encourage persons to investigate possible employment opportunities such that they may eventually seek out work that will permit them to rejoin the work force. The distinction between trial work occurring before and after the disability determination is inconsequential. Therefore, 20 C.F.R. § 404.1536, applied by analogy, directs that plaintiff not be penalized for seeking out substitutive work where he no longer is able to engage in his 38-year vocation of truck driving. Since plaintiff demonstrated, with uncontroverted evidence, that he could not return to his accustomed labors, he has sustained his burden. The burden therefore shifted to the Secretary to show plaintiff's ability to participate in other work.

For the Secretary to show that the plaintiff is capable of performing alternate work, the proof required "must not be based on the claimant's mere theoretical ability to do some kind of work, but must be based on practical and realistic considerations, such as education, experience, emotional and physical condition and reasonable job opportunities...." *Rosin*, 379 F.2d at 195. The Secretary failed to present any evidence by means of an employment consultant or other person or document analyzing the plaintiff's ability to engage in substantial gainful activity. There was no discussion of the vocational factors of age, education, and work experience and their relation to plaintiff's ability to work. Therefore, the Secretary did not meet her burden of showing plaintiff's capacity to participate in alternate employment. *See Hall v. Secretary of Health, Education, and Welfare*, 602 F.2d 1372, 1377 (9th Cir. 1979). Since this Court's role is not to try this case *de novo*, but rather to review a final decision of the Secretary, it is appropriate that this cause be remanded to the Secretary for further consideration.

On remand, it is incumbent upon the Secretary that she be bound by her own rules and regulations as the plaintiff herein is bound. Title 20 C.F.R. §§ 404.1503–404.1513 (1979) set forth guidelines by which an individual's ability is evaluated. These directives show that the plaintiff is a man of "advanced age" (age 55 or over), "limited education" (generally, 7th–9th grade), and sedentary exertional capacity (lift 10 pounds maximum). According to the Secretary's own regulations, the plaintiff may only be found not disabled if, at the very least, the skills he acquired driving truck can be directly transferable to new employment. 20 C.F.R. Subpt. P, App. 2, Table 1 (1979). Section 404.1511(e) suggests that "transferability is most probable and meaningful" among jobs utilizing the same or similar machinery, process, and materials. Therefore, to sustain this burden the Secretary must produce evidence particularizing plaintiff's skills and their transferability to a new vocation.

The decision of the Secretary appealed from is REVERSED and REMANDED for further proceedings consistent with this opinion.