Bertha Mae CHAMBERS, Plaintiff,

v.

Richard S. SCHWEIKER, Secretary of Health and Human Services, Defendant.

Civ. A. No. H–81–2249.

United States District Court, S.D. Texas, Houston Division.

Dec. 13, 1982.

**34**

James H. Shoemake, Houston, Tex., Thomas DeWitt, Crouch, Crouch & DeWitt, Alvin, Tex., for plaintiff.

Daniel K. Hedges, U.S. Atty., M. Angela Flores, Asst. U.S. Atty., Houston, Tex., for defendant.

## MEMORANDUM AND ORDER

SEALS, District Judge.

Plaintiff brings this action pursuant to section 205(g) of the Social Security Act, 42 U.S.C. § 405(g) (1976), for judicial review of a final decision of the Secretary of Health and Human Services (hereinafter Secretary) denying her claim for Social Security disability benefits. Presently before the Court are the parties' cross-motions for summary judgment.

Plaintiff, Bertha M. Chambers, filed an application for disability insurance benefits with the Social Security Administration on January 28, 1980, claiming she became unable to work on March 28, 1979, due to high blood pressure and arthritis. Her application was denied administratively, both initially and upon reconsideration. Thereafter, plaintiff requested a hearing on her claim before an Administrative Law Judge (hereinafter ALJ) of the Social Security Administration.

On February 24, 1981, a hearing was held before the ALJ. On March 16, 1981, the ALJ issued his decision denying the plaintiff's claim for Social Security disability benefits. The ALJ's decision became the final determination of the Secretary when the Appeals Council approved the denial of benefits on July 31, 1981. This action is now properly before the Court for review. 42 U.S.C. § 405(g) (1976).

Plaintiff is fifty-three years old and possesses only a ninth grade education. Mrs. Chambers has spent most of her adult working years as a housekeeper or domestic; holding a position as a housekeeper at John Sealy Hospital when she alleges she became unable to continue working on March 28, 1979. There is an indication in the record that plaintiff worked in a beauty salon for a short period of time in 1958.[1]

---

1. The ALJ, in his findings, considered this job classification to be among plaintiff's past relevant work. It appears, however, that this conclusion is incorrect. 20 C.F.R. § 404.1565; *Roy v. Secretary of H.H.S.,* 512 F.Supp. 1245, 1256 (C.D.Ill.1981); *Presnell v. Harris,* 498 F.Supp. 324 (D.Idaho 1980).

As a housekeeper, Mrs. Chambers, according to her testimony, was required to mop, sweep, empty trash, dust, wash walls, and clean bathrooms. (Tr. at 37). Further, according to her disability claims, she was required in her work as a housekeeper to operate a vacuum cleaner and sweeper, and to lift loads of up to fifty pounds several times a day, as well as bend and reach constantly. (Exhibit 12, Tr. at 99).

At the hearing before the ALJ, plaintiff testified that she first began experiencing severe pain in her feet, which made it difficult for her to walk, thereby preventing her from performing her duties as a housekeeper at John Sealy Hospital. She testified that she was treated for this condition by Dr. Jinkins, who performed surgery on her feet, and provided her with heel braces and orthopedic shoes. Plaintiff testified that she later began experiencing pain in her knees and other joints which she believes is due to arthritis. Further, plaintiff complained of headaches, memory loss, blackouts, swelling, shortness of breath, and hypertension. She testified that she takes medication to reduce the swelling and to control her high blood pressure, as well as medication for sleep and nervousness. She also testified that she now requires the assistance of a cane in order to walk. The ALJ, in his evaluation of the evidence, stated that he considered each and every item of evidence together with plaintiff's testimony and concluded "that claimant does not satisfy the mandates of Regulations § 405.1505 and § 404.1521 in that she does not have a severe impairment that would prevent her return to her past relevant work as a domestic or beautician." [2] (ALJ's decision, Tr. at 24).

■ The function of this Court in reviewing the findings of the Secretary is a limited one. The reviewing court may not reweigh the evidence nor substitutes its judgment for that of the Secretary. *Knott v. Califano,* 559 F.2d 279 (5th Cir.1977); *Laffoon v. Califano,* 558 F.2d 253 (5th Cir. 1977); *Gresham v. Califano,* 510 F.Supp. 1151 (S.D.Tex.1981). The Court is confined by 42 U.S.C. § 405(g) to determining, based upon a careful review of the entire record, whether there is substantial evidence to support the Secretary's findings. *Anderson v. Schweiker,* 651 F.2d 306 (5th Cir.1981). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Anderson,* 651 F.2d at 307; *Johnson v. Harris,* 612 F.2d 993, 997 (5th Cir.1980). Notwithstanding the limited nature of this review, the Court can reverse a finding of the Secretary if it is not supported by substantial evidence. *Johnson,* 612 F.2d at 996.

■ In order to receive disability benefits, the claimant has the burden of proving that he or she is disabled within the meaning of the Social Security Act. *Johnson,* 612 F.2d at 997; *Fortenberry v. Harris,* 612 F.2d 947 (5th Cir.1980). "[T]he claimant must show that he suffers from a mental or physical impairment that not only renders him unable to perform his previous work but, given his age, education, and work experience, prevents him from engaging 'in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work.'" *Rhynes v. Califano,* 586 F.2d 388, 389–90 (5th Cir.1978), *quoting* 42 U.S.C. § 423(d)(2)(A).

In determining the existence of a disability, a sequential analysis is often undertaken pursuant to 20 C.F.R. § 404.1520, whereby current work activity, severity of impair-

**2.** See footnote 1, *supra,* regarding plaintiff's work as a beautician. Additionally, although it appears to the Court that the only basis upon which the ALJ denied plaintiff's claim for disability benefits was that she did not have a "severe impairment," the ALJ's reference to plaintiff's ability to return to her past work might indicate that he also reached this conclu-

sion. If this is so, the Court holds that this finding is unsupported by substantial evidence, as the ALJ made no findings concerning the nature of plaintiff's duties in her work as a housekeeper, nor her capacity to perform such duties. *Anderson v. Schweiker,* 651 F.2d 306, 309 (5th Cir.1981); *Epps v. Harris,* 624 F.2d 1267, 1274 (5th Cir.1980).

ments, and vocational factors, are assessed in that order. If the claimant is currently engaged in substantial gainful activity, a finding of no disability is mandated. 20 C.F.R. § 404.1520(b). If the individual is not engaged in substantial gainful activity, the next step in the evaluative process is to determine whether the claimant has a "severe impairment" as defined by 20 C.F.R. § 404.1521. If the impairment or impairments are found to be severe, then, assuming the impairment(s) does not meet or equal a listed impairment in Appendix No. 1 of the Regulations, the analysis follows the more traditional approach previously employed in determining the existence of a disability. The claimant bears the initial burden of showing that s/he cannot return to past relevant work, and the burden then shifts to the Secretary to show that substantial gainful employment exists in the national economy which the claimant can perform. *Lofton v. Schweiker,* 653 F.2d 215 (5th Cir.1981), *cert. denied,* 454 U.S. 1089, 102 S.Ct. 651, 70 L.Ed.2d 626 (1981); *Wilkinson v. Schweiker,* 640 F.2d 743 (5th Cir.1981).

■ The ALJ found that plaintiff did not have a severe impairment within the meaning of 20 C.F.R. § 404.1521 [3], and thus denied plaintiff's claim for disability benefits. The Court holds that this conclusory finding of the ALJ was not supported by substantial evidence. For this and other reasons outlined below, the Court remands this cause for further proceedings.

A non-severe impairment is defined by 20 C.F.R. § 404.1521 as one which "does not significantly limit ... physical or mental abilities to do basic work activities." "Basic work activities" are further defined as follows:

**3.** See footnote 2, *supra.*

**4.** While it is within the province of the ALJ to weigh conflicting evidence, *Allen v. Weinberger,* 552 F.2d 781, 787 (7th Cir.1977), the ALJ, in this instance, has failed to explain his almost singular reliance on the opinion of a "one-shot" examining physician, Dr. Owen, over the contradictory opinion of plaintiff's treating physician, Dr. Jinkins. Courts in this circuit have repeatedly expressed the view that the opinions and diagnoses of a treating physician should be

(b) *Basic work activities.* When we talk about basic work activities, we mean the abilities and aptitudes necessary to do most jobs. Examples of these include—

(1) Physical functions such as walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling;

(2) Capacities for seeing, hearing, and speaking;

(3) Understanding, carrying out, and remembering simple instructions;

(4) Use of judgment;

(5) Responding appropriately to supervision, co-workers and usual work situations; and

(6) Dealing with changes in a routine work setting.

First, the Court does not know from the abbreviated findings of the ALJ if he considered whether the plaintiff possessed any of these requisite skills or abilities. The absence of such a finding deprives the Secretary's decision of critical evidentiary support, and requires further inquiry by the Secretary. *Cf. Epps v. Harris,* 624 F.2d 1267, 1274 (5th Cir.1980) (reversed and remanded for additional findings regarding the claimant's ability to perform the physical requirements of his former job). Although the ALJ evaluated the conflicting assessments of Dr. Owens and Dr. Jinkins, regarding plaintiff's physical capacity [4], and reached the conclusion that the plaintiff could at least perform sedentary work, the ALJ did not deny benefits on the basis of plaintiff's ability to perform other jobs, but due to the fact that she did not have a severe impairment. *Cf. Anderson,* 651 F.2d at 309.

accorded considerable weight. Absent sufficient justification, the Secretary's reliance upon the controverting opinion of a one-time examining physician may lack substantiality when used by the Secretary to contradict the opinion of a longtime treating physician. *See Smith v. Schweiker,* 646 F.2d 1075 (5th Cir. 1981); *Fruge v. Harris,* 631 F.2d 1244 (5th Cir.1980); *Williams v. Finch,* 440 F.2d 613 (5th Cir.1971).

Further, even if the Court were to assume that the ALJ tacitly found that the plaintiff possessed the requisite skills and abilities outlined in § 404.1521, as being implicit in his finding of the nonexistence of a severe impairment, the Court still could not sustain the ALJ's findings. It is incumbent upon the ALJ to explicitly weigh and consider relevant probative evidence before him, when such consideration is necessary for a just determination of plaintiff's application. And, failure to do so is good cause for remand. *Epps,* 624 F.2d at 1273, *Williams v. Califano,* 590 F.2d 1332, 1334 (5th Cir.1979). *Cf. Smith v. Schweiker,* 646 F.2d 1075, 1082 (5th Cir.1981).

Most notably absent from the ALJ's evaluation of the evidence is any reference to the report of Dr. Pulliam, a consultative examiner. Pertinent parts of Dr. Pulliam's report are as follows:

Extremities—Mild swelling of the left knee with palpable crepitations. Crepitation palpable in the left knee and right shoulder. Mobility of the left knee decreased by approximately 30% and mobility of the right shoulder decreased by approximately 20%. Patient does very poorly on heel and toe walking and was unable to rise from a squatting position. . . .

Clinical Impression: (1). Osteoarthritis of the knees and right shoulder of a moderately severe nature. (2). Essential Hypertension (poorly controlled).

PROGNOSIS: This patient is obese with hypertension and osteoarthritis both of which are chronic diseases. She most likely will continue to slowly get worse rather than make any significant improvement.[5] (Exhibit 21, Tr. at 169).

There can be no doubt that Dr. Pulliam's report is relevant and probative evidence which must be explicitly weighed and considered by the Secretary.

Accordingly, the Court remands this case to the Secretary for a full evaluation of all the evidence, in the light of controlling principles of law, and for a complete development of the record consistent with the views expressed in this opinion.

The Clerk shall file this Memorandum and Order and provide counsel for all parties with a true copy.

---

5. Upon remand the ALJ should also consider the degenerative nature of plaintiff's maladies, and their impact on any decision regarding severity or ability to return to former work. *See Roy v. Secretary of H.H.S.,* 512 F.Supp. 1245, 1259 (C.D.Ill.1981).