**Robert J. PARE, Jr., Plaintiff,**

v.

**Margaret M. HECKLER, Secretary of Health and Human Services, Defendant.**

**Civ. No. 82–0248 P.**

United States District Court,
D. Maine.

Oct. 27, 1983.

---

Paul G. Thibeault, Pine Tree Legal Assistance, Lewiston, Me., for plaintiff.

Paula D. Silsby, Asst. U.S. Atty., Portland, Me., for defendant.

## ORDER

CARTER, District Judge.

This is an action brought under 42 U.S.C. §§ 405(g), 1383(c)(3) for review of the final decision of the Secretary of Health and Human Services which affirmed the termination of plaintiff's disability insurance benefits. Plaintiff is a forty-seven-year-old man who became disabled on October 26, 1972, as a result of multiple fractures sustained in a head-on collision. His benefits were terminated administratively as of January 1982. At the request of claimant a hearing was held before an administrative law judge (ALJ). The ALJ found that claimant suffered from a plethora of impairments. He also found, however, that the impairments did not significantly limit claimant's ability to perform basic work activities and thus were not severe as required by 20 C.F.R. §§ 404.1521, 416.921. The Appeals Council affirmed the ALJ's decision. The parties have submitted the case to this Court on cross motions for summary judgment.

■ In reviewing the termination of disability benefits, just as in review of administrative decisions concerning denial of benefits, the standard of this Court's review is whether the determination made by the administrative law judge is supported by substantial evidence. 42 U.S.C. § 405(g); *Lizotte v. Secretary of Health and Human Services*, 654 F.2d 127, 128 (1st Cir. 1981). In other words, the determination must be supported by such relevant evidence as a reasonable mind might accept as adequate to support the conclusions drawn. *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971).

The Court thoroughly reviewed the entire record, including the transcript of the hearing below, the exhibits and the briefs submitted by counsel. After careful consideration the Court finds that there is sufficient evidence to support the ALJ's decision.

Substantial evidence for termination "will normally consist of current evidence showing that a claimant has improved to the point of being able to engage in substantial gainful activity; but it might also consist of evidence that claimant's condition is not as serious as was at first supposed." *Miranda v. Secretary of Health, Education & Welfare*, 514 F.2d 996, 998 (1st Cir.1975). Claimant contends that the Secretary has failed to make the necessary showing of improvement because the two medical consultants did not compare claimant's current medical situation with his prior condition, and the treating physician, who had a basis for such a comparison, stated that "there really has been no improvement in his condition over the past

many years." Claimant's interpretation of the improvement requirement of *Miranda* finds some support in other jurisdictions. *See, e.g., Patti v. Schweiker,* 669 F.2d 582, 586–87 (9th Cir.1982) (where there is no evidence that claimant's condition has changed, the substantial evidence test has not been met); *Musgrove v. Schweiker,* 552 F.Supp. 104 (E.D.Penn.1982) (citing *Patti* ).

The First Circuit, however, addressed a contention similar to plaintiff's in *Lizotte.* There, the Court stated that the Secretary's determination that claimant's impairment was no longer of sufficient severity to prevent substantial gainful activity "implies that the decision was based on an improvement, or at least the present absence of an impairment." *Lizotte v. Secretary of Health & Human Services,* 654 F.2d at 129, n. 3 and accompanying text. It is this finding, the *Lizotte* court stated, which must be supported by substantial evidence. Therefore, the proper inquiry in this case is whether the ALJ's finding of nonseverity is supported by substantial evidence.

In the sequential process of evaluating disability claims, after the ALJ has determined that a claimant is not doing substantial gainful activity, he must determine whether claimant's impairments are severe. An impairment must be severe and meet the duration requirement before a finding of disability can be made. 20 C.F.R. § 404.1520(a).

■ An impairment is not severe, under the regulations, if it does not significantly limit claimant's "physical or mental ability to do basic work activities." 20 C.F.R. § 404.1521(a). Basic work activities are described in the regulations as the abilities and aptitudes necessary to do most jobs. They include:

(1) Physical functions such as walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling;

(2) Capacities for seeing, hearing, and speaking;

(3) Understanding, carrying out, and remembering simple instructions;

(4) Use of judgment;

(5) Responding appropriately to supervision, co-workers and usual work situations; and

(6) Dealing with changes in a routine work setting.

*Id.* at § 404.1521(b)(1–6).

In a case like this one, in which claimant asserts physical impairments resulting from the residuals of the multiple fractures he suffered in the 1972 accident, the pertinent inquiry to determine whether his impairments are severe is whether he can perform the physical functions listed in section 404.1521(b)(1) above. Claimant's testimony shows that he drives, helps with household chores, washes the windows, shops for food and carries bundles, mows the lawn and uses the snow blower. The ALJ's inferences from this testimony that claimant's impairments did not significantly limit his ability to perform basic work activities are permissible since the activities to which claimant testified entail all of the physical functions described by the regulations. In making his determination of nonseverity, the ALJ considered, but apparently did not rely on, the medical evidence presented. While there is medical evidence that might lead to a conclusion contrary to that reached by the ALJ, there is some medical evidence supporting the ALJ's decision. Dr. Greene, the consulting orthopedist, wrote that claimant has excellent grip strength and normal motion of the shoulders, elbows, wrists, fingers, hips, right knee and right ankle. The physical capacities evaluation accompanying Dr. Greene's report states that claimant's impairments are moderate and buttresses the inferences drawn by the ALJ from claimant's testimony that claimant is able to perform basic work activities such as walking, standing, sitting, grasping, pushing, pulling and reaching.

Claimant's arguments that the ALJ's finding of nonseverity are not supported by substantial evidence are, therefore, unavailing. The ALJ considered claimant's testi-

mony concerning his impairments, pain, and daily activity, as well as the medical evidence presented. It is not the function of this Court to weigh the evidence anew, *Chambers v. Schweiker*, 552 F.Supp. 33, 35 (S.D.Tex.1982), and "the possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's finding from being supported by substantial evidence." *Benko v. Schweiker*, 551 F.Supp. 698, 701 (D.N.H. 1982) (quoting *Consolo v. Federal Maritime Commission*, 383 U.S. 607, 620, 86 S.Ct. 1018, 1026, 16 L.Ed.2d 131 (1966)). Although claimant asserts that the ALJ tried to shortcut the decision-making process by improperly considering vocational factors, the ALJ's mode of analysis for his determination of nonseverity was proper. Claimant's daily activities are good indicators of his ability to perform basic work activities and, along with other evidence, are often considered by courts in making a determination of severity. *See, e.g., Italiano v. Secretary of Health, Education and Welfare*, 458 F.Supp. 982, 984 (E.D.N.Y.1978); *Flammia v. Califano*, Unempl. Ins.Rep. (CCH) ¶ 16, 356 [Jan. 1979—Dec. 1979 Transfer Binder] (D.N.J.1978); *aff'd*, 591 F.2d 1334 (3d Cir.1979).

■ Moreover, it is claimant rather than the ALJ who has confused the steps of the evaluation procedure by asserting that the ALJ erred in placing the burden of proof on the claimant. The burden of proof shifts to the Secretary only at the fifth step of the sequential evaluation of disability where the Secretary must show that there are other jobs in the national economy which claimant can perform. *Goodermote v. Secretary of Health, Education and Welfare*, 690 F.2d 5, 7 (1st Cir.1982). As the Court of Appeals for the First Circuit stated in *Miranda*: "[W]e see no point in deciding abstractly whether the 'burden of proof' at a termination proceeding is on the claimant or Secretary. Both have responsibilities. The question in each case is whether the Secretary's decision was supported by substantial evidence." 514 F.2d at 998. That question has been answered in the affirmative in this case.

Accordingly, it is

ORDERED that the Secretary's Motion for an Order Affirming the Decision of the Secretary be, and is hereby, GRANTED.

So ORDERED.